UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TAYLOR, | No. 2:19-cv-2227 TLN KJN P |
| Petitioner, | |
| v. | ORDER |
| CHRISTIAN PFEIFFER, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 30, 2020, respondent filed a motion to dismiss this action on the grounds that it includes unexhausted claims. Petitioner did not file an opposition to the motion. On March 10, 2020, petitioner was ordered to show cause why his failure to oppose the motion should not be deemed a waiver of any opposition to the granting of the motion, and petitioner was granted leave to file a motion to stay pending exhaustion. Petitioner did not respond, and has not filed an opposition to the motion or a motion for stay.

The undersigned grants respondent's motion, and grants petitioner leave to file an amended petition raising only exhausted claims.

Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

Standards Governing Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Background

Petitioner pleaded guilty to second degree robbery and voluntary manslaughter, and admitted firearm enhancements. (ECF No. 16-1.) Petitioner was sentenced to a determinate state prison terms of thirty years. (ECF Nos. 16-1, 2.)

The judgment of conviction was affirmed by the California Court of Appeal on April 15, 2018. (ECF No. 16-2.)

On May 22, 2018, petitioner filed a petition for review in the California Supreme Court. (ECF No. 16-3.) The California Supreme Court denied the petition for review on July 18, 2018. (ECF No. 16-4.)

Petitioner filed one petition for writ of habeas corpus in the San Joaquin County Superior Court on June 19, 2019. (ECF No. 16-5.) The superior court denied the petition on November 12, 2019. (ECF No. 16-6.)

The instant petition was filed on October 22, 2019. (ECF No. 1.)

Discussion

In the instant petition, petitioner raises four claims: (1) ineffective assistance of trial and appellate counsel; (2) failure to conduct a competency hearing violated due process; (3) state court's use of estoppel theory violated due process; and (4) petitioner's sentence was improperly enhanced. (ECF No. 1 at 5-11.) On the other hand, the petition for review filed in the California Supreme Court included the following claims: (1) court erred by denying petitioner's motion to withdraw his guilty plea because he was mentally incompetent at the time of the plea, abusing its discretion;[2] (2) petitioner's enhanced sentence was unauthorized by law; and (3) trial counsel and

---

[2] Specifically, petitioner argued the trial court abused its discretion by (a) failing to consider the entire record in concluding petitioner did not hear voices and failing to consider that a person could be competent while on medication but not competent when not taking medication; and (b) relying on irrelevant information that the plea bargain was in the best interests of petitioner in

1  second counsel were ineffective for failing to object to the unauthorized sentence in the motion to

2  withdraw the guilty plea. (ECF No. 16-3 at 6, 8-26.)  Petitioner filed no petition for writ of

3  habeas corpus in the California Supreme Court.  Thus, respondent argues that the instant federal

4  petition is a "mixed petition," because it contains both exhausted and unexhausted claims.

5       After reviewing the record in this action, the court finds that petitioner has failed to

6  exhaust state court remedies as to ineffective assistance of appellate counsel (claim one), due

7  process violation claim based on the state court's finding of estoppel (claim three), and sentencing

8  claim (claim four) because such claims were not presented to the California Supreme Court.

9  Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims

10 and must be dismissed.  Good cause appearing, petitioner is granted thirty days to file an

11 amended petition raising only exhausted claims.[3]

12      In accordance with the above, IT IS HEREBY ORDERED that:

13      1. Respondent's motion to dismiss (ECF No. 15) is granted;

14      2. Petitioner's petition for a writ of habeas corpus is dismissed; and

15      3. Petitioner is granted thirty days from the date of this order to file an amended petition

16 raising only exhausted claims.  Failure to comply with this order will result in a recommendation

17 that this action be dismissed without prejudice.

18 Dated:  April 22, 2020

19

20 /tayl2227.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

21 denying the motion to withdraw the plea. (ECF No. 16-3 at 8-9.)

22 [3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only

23 exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-

24 21; Rule 9(b), Rules Governing Section 2254 Cases.

25   Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of

26 limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the

27 conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other

28 collateral review is pending. 28 U.S.C. § 2244(d).